[5 NE3d 983, 982 NYS2d 820]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATISHA BEATY, Appellant.

Submitted September 10, 2013; decided January 16, 2014

## POINTS OF COUNSEL

*Greenberg & Wilner, LLP*, New York City (*Harvey L. Greenberg* of counsel), for appellant. I. The Fourth Department erred when it granted assigned counsel's motion to withdraw because (a) defendant's pro se brief included non-frivolous claims, and (b) defendant did not receive effective assistance of counsel when counsel chose not to serve as an advocate for his client, but rather disparaged the client's claims in front of the Court. (*People v Crawford*, 71 AD2d 38; *People v Vasquez*, 70 NY2d 1; *Anders v California*, 386 US 738; *North Carolina v Alford*, 400 US 25; *People v Brown*, 107 AD3d 1303; *People v Boyd*, 12 NY3d 390; *People v Van Deusen*, 7 NY3d 744; *People v Hill*, 9 NY3d 189; *People v Samms*, 95 NY2d 52.) II. The Fourth Department erred when it affirmed the 2010 Erie County Court's re-sentencing.

*Frank A. Sedita, III, District Attorney*, Buffalo (*Donna A. Milling* of counsel), for respondent. Defendant has failed to demonstrate that the Fourth Department erred in granting assigned counsel's motion to be relieved of assignment, or that she was denied the effective assistance of appellate counsel or the effective assistance of counsel at her re-sentence. (*People v Iannelli*, 69 NY2d 684, 482 US 914; *People v Ruz*, 70 NY2d 942; *Evitts v Lucey*, 469 US 387; *Douglas v California*, 372 US 353; *People v Stokes*, 95 NY2d 633; *Anders v California*, 386 US 738; *People v Gonzalez*, 47 NY2d 606; *People v Crawford*, 71 AD2d 38; *People v Rucker*, 67 AD3d 1126; *People v Boyd*, 12 NY3d 390.)

## OPINION OF THE COURT

Per Curiam.

On November 13, 2000, defendant pleaded guilty to first-degree manslaughter for the shooting of Anton Bridgers on

March 18, 2000. She was sentenced to a determinate sentence of 23 years' incarceration. No mention of postrelease supervision (PRS) was ever made to defendant, either during the plea proceedings or at sentencing. After her incarceration, the Department of Correctional Services added a five-year PRS term to her certificate of commitment. The first time defendant learned of the PRS period was in August 2002, when her attorney wrote defendant to inform her. That attorney did not advise defendant as to whether she could raise an issue concerning the legality of the added PRS term on her then-pending appeal. Defendant's conviction was unanimously affirmed (303 AD2d 965 [4th Dept 2003], *lv denied* 100 NY2d 559 [2003]).

In September 2009, following this Court's decision in *People v Catu* (4 NY3d 242 [2005]), defendant filed a pro se motion pursuant to CPL 440.10, claiming, among other things, that her plea was defective and thus her sentence was illegal because she was never informed during her plea or sentencing proceeding that she would be required to serve an additional term of five years' PRS. She sought vacatur of both her plea and sentence. The People opposed the motion, but conceded that the sentence was illegal. The People consented, pursuant to the then-recently enacted Penal Law § 70.85, to the court re-sentencing defendant to the original determinate sentence of 23 years' incarceration without a term of PRS.

Defendant timely appealed the resentence and was assigned counsel, who reviewed the file and informed defendant of our decision in *People v Boyd* (12 NY3d 390 [2009]), where this Court upheld defendant Boyd's sentence under Penal Law § 70.85, but left open the constitutionality of that statute, stating that it should be decided by the sentencing court in the first instance. Despite this open issue, counsel filed a motion pursuant to *People v Crawford* (71 AD2d 38 [1979])* arguing that there were no non-frivolous issues to be raised on defendant's behalf and asking to be relieved as counsel. Defendant filed a pro se supplemental brief arguing that her sentence was illegal, and that she was denied effective assistance of counsel. The Appellate Division granted counsel's motion and affirmed the resentence, without addressing defendant's pro se contentions (96 AD3d 1515 [2012]).

The rule in *Crawford* permits appellate counsel to withdraw from representing a defendant if the appeal is "wholly frivo-

---

* *See also Anders v California,* 386 US 738 (1967).

lous" because a defendant whose appeal is frivolous has no right to have an advocate make his case to the appellate court (71 AD2d 38, 38 [1979]).

Defendant argues that her appeal was not wholly frivolous because she had two claims: (1) the claim that Penal Law § 70.85 is unconstitutional as applied to her case, and (2) that defendant was denied effective assistance of counsel at every level. We agree with defendant that the Appellate Division erred in granting the *Crawford* motion. Without expressing any opinion on the ultimate merits, at the time defendant's appellate counsel filed his *Crawford* motion, the claims to that court were not wholly frivolous and, therefore, the court should have denied appellate counsel's motion. As a result, a reversal and remittal for a de novo appeal is warranted (*see People v Stokes*, 95 NY2d 633 [2001]; *see generally People v Pignataro*, 22 NY3d 381 [2013]; *People v Catu*, 4 NY3d 242 [2005]).

The order of the Appellate Division should be reversed and the case remitted to the Appellate Division for further proceedings in accordance with this opinion.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein.