People v Turner (2018 NY Slip Op 07369)





People v Turner


2018 NY Slip Op 07369


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

108907

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JASON R. TURNER JR., Appellant.

Calendar Date: September 18, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.


Mitchell S. Kessler, Cohoes, for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered October 12, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant pleaded guilty to burglary in the third degree and waived his right to appeal. He was placed on one year of interim probation. Thereafter, defendant admitted to violating the terms of the interim probation. County Court revoked defendant's interim probation, denied his request to be adjudicated a youthful offender and sentenced him to a prison term of 2 to 6 years to run concurrently with another prison sentence. Defendant appeals.
Appellate counsel seeks to be relieved of the assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, we disagree. We are of the view that there are at least two issues of arguable merit related to the sufficiency of the waiver of the right to appeal in connection with defendant's admission to violating probation and the severity of the sentence, particularly with regard to the denial of youthful offender status. Accordingly, without passing judgment on the merits of the issues, we grant counsel's application for leave to withdraw and assign new counsel to address these issues and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.