People v McNair (2019 NY Slip Op 01681)





People v Mcnair


2019 NY Slip Op 01681


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

109449

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAIJOUN McNAIR, Also Known as B and Q, Appellant.

Calendar Date: February 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Aarons, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered October 12, 2016, convicting defendant upon his pleas of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts).
In satisfaction of a six-count indictment stemming from the sale and possession of cocaine in June 2015, defendant pleaded guilty to criminal sale of a controlled substance in the third degree on June 9, 2016. Pursuant to the plea agreement, defendant waived his right to appeal and executed a written waiver of appeal in open court, and agreed to pay restitution; in exchange, he was promised a prison sentence of four years with a period of postrelease supervision (hereinafter PRS) of between one and two years. The promised sentence was contingent on, among other things, defendant not being arrested or committing new crimes prior to sentencing, and County Court warned him that if he violated the conditions of his release pending sentencing, he could be sentenced to up to nine years in prison with two years of PRS. On the day scheduled for sentencing, the People disclosed that there was an outstanding warrant for defendant's arrest in connection with a second indictment charging him with six additional crimes related to the possession and sale of cocaine in May and June 2016. Sentencing on the first indictment was postponed.
At a subsequent appearance on both indictments, the parties reached a resolution of all charges. Pursuant thereto, defendant waived an Outley hearing on the issue of whether he violated the conditions of the initial plea agreement (see People Outley, 80 NY2d 702 [1993]) and consented to an enhanced prison sentence of five years on that guilty plea. As part of the agreement, defendant also pleaded guilty to one count of criminal sale of a controlled substance in the third degree, a crime that occurred on June 17, 2016, subsequent to the guilty plea under the first indictment, in satisfaction of all charges in the second indictment. As part of the agreement, defendant waived his right to appeal with regard to the second indictment, signing a written appeal waiver in open court, and agreed to pay restitution. In exchange, County Court [*2]made the same sentencing promise — five years in prison with up to two years of PRS — to be served concurrently with the sentence on the first indictment. Consistent with the terms of the agreement, County Court imposed a prison sentence of five years followed by two years of PRS on each conviction, to be served concurrently. Defendant now appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Therefore, the judgment is affirmed and counsel's request for leave to withdraw is granted (see People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Beaty, 22 NY3d 490 [2014]; People v Stokes, 95 NY2d 633 [2001]).
Garry, P.J., Egan Jr., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, and application to be relieved of assignment granted.