People v Johnson (2019 NY Slip Op 06020)





People v Johnson


2019 NY Slip Op 06020


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

109612

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHRISTOPHER JOHNSON, Also Known as MOOKIE, Appellant.

Calendar Date: June 21, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered June 26, 2017, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
Following the shooting death of Wayne Best during a robbery outside his home in December 2014, defendant was charged in a 14-count indictment with murder in the second degree, robbery in the first degree and other crimes. Pursuant to a written plea agreement, defendant pleaded guilty to robbery in the first degree and waived his right to appeal. Under the terms of the agreement, which satisfied all charges, defendant was required, among other obligations, to cooperate in the investigation and prosecution of the others involved in the murder and related crimes and, if he satisfied those obligations, the People consented to a prison term of 12½ years followed by five years of postrelease supervision (hereinafter PRS). The agreement further provided that if defendant failed to satisfy any of the conditions, he could be sentenced to a prison term of up to 20 years followed by five years of PRS. It was later determined that defendant had satisfied his obligations under the plea agreement, and County Court imposed a prison term of 12½ years followed by five years of PRS. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Therefore, the judgment is affirmed and counsel's request for leave to withdraw is granted (see People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Beaty, 22 NY3d 490 [2014]; People v Stokes, 95 NY2d 633 [2001]).
Lynch, J.P., Clark, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, and application to be relieved of assignment granted.