People v Winters (2020 NY Slip Op 01527)





People v Winters


2020 NY Slip Op 01527


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

109879

[*1]The People of the State of New York, Respondent,
v
Barkim Winters, Also Known as Black, Appellant.

Calendar Date: February 7, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Adam G. Parisi, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered September 6, 2017, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and purportedly waived the right to appeal. County Court thereafter sentenced defendant to 3½ years in prison, to be followed by two years of postrelease supervision. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Upon reviewing the record, we disagree. We find that there is at least one issue of arguable merit with respect to the validity of defendant's appeal waiver (see People v Thomas, ___ NY3d ___, ___, 2019 NY Slip Op 08545, *8 [2019]) that may potentially impact other issues that may be raised, such as the severity of the sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Torres, 157 AD3d 1126, 1127 [2018]). Therefore, without passing judgment on the ultimate merits of this issue, we grant counsel's request for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.