People v Bishop (2020 NY Slip Op 01526)





People v Bishop


2020 NY Slip Op 01526


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

109842

[*1]The People of the State of New York, Respondent,
v
Kristen Bishop, Appellant.

Calendar Date: February 7, 2020

Before: Garry, P.J., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Jeffrey L. Zimring, Albany, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.



Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered February 24, 2017, convicting defendant upon her plea of guilty of the crime of burglary in the second degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with burglary in the second degree and grand larceny in the fourth degree. She pleaded guilty to burglary in the second degree in satisfaction thereof and waived her right to appeal. Under the terms of the plea agreement, she was to be sentenced to 3½ years in prison, followed by five years of postrelease supervision. County Court advised defendant that she was to cooperate with the Probation Department in preparing a presentence investigation report and her failure to do so would be taken into consideration in sentencing. Defendant subsequently failed to appear for her presentence investigation interview and, as a result, County Court sentenced her to 4½ years in prison, followed by five years of postrelease supervision. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Based upon our review of the record and counsel's brief, we disagree. We find that there are issues of arguable merit relating to the validity of the appeal waiver and sentence enhancement that warrant further consideration. Accordingly, without passing on the merits of these issues, we grant counsel's application for leave to withdraw and assign new counsel to address these issues and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633 [2001]; People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.