People v Mayo (2020 NY Slip Op 02293)





People v Mayo


2020 NY Slip Op 02293


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

110028

[*1]The People of the State of New York, Respondent,
v
Rasheem Mayo, Also Known as Solo and Jr, Appellant.

Calendar Date: March 20, 2020

Before: Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Hogan, J.), rendered December 14, 2017 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and attempted arson in the second degree.
In satisfaction of two separate indictments, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and attempted arson in the second degree and was required to waive his right to appeal. Supreme Court sentenced defendant to concurrent prison sentences of four years, followed by two years of postrelease supervision, on the criminal sale of a controlled substance conviction and 3½ years, followed by 3½ years of postrelease supervision, on the attempted arson conviction. Defendant appeals.
Defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree. We find that there is at least one issue of arguable merit with respect to the validity of defendant's appeal waiver that may potentially impact other issues that may be raised, such as the harshness of the sentence imposed (see People v Thomas, ___ NY3d ___, ___, 2019 NY Slip Op 08545, *6-7 [2019]; People v Barrales, 179 AD3d 1313, 1314-1315 [2020]). Accordingly, without passing judgment on the ultimate merit of this or any other issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492—493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.