People v Votra (2020 NY Slip Op 04347)





People v Votra


2020 NY Slip Op 04347


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

110668

[*1]The People of the State of New York, Respondent,
v
Crystal L. Votra, Appellant.

Calendar Date: June 26, 2020

Before: Egan Jr., J.P., Clark, Devine, Aarons and Colangelo, JJ.


Kathy Manley, Selkirk, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kathryn M. Moryl of counsel), for respondent.



Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered May 21, 2018, convicting defendant upon her plea of guilty of the crime of criminal possession of marihuana in the second degree.
Following the traffic stop of a vehicle in which in excess of 100 pounds of marihuana was found, defendant was charged by indictment with criminal possession of marihuana in the first degree and a traffic infraction. In satisfaction of the indictment, defendant pleaded guilty to the reduced charge of criminal possession of marihuana in the second degree as memorialized in a written plea agreement signed in court. Pursuant to the terms of the plea agreement, defendant waived her right to appeal and executed a written waiver of appeal in open court. County Court explained that it was making no sentencing promise and that, upon her guilty plea, it could impose a prison term of up to 2½ years, to be followed by one year of postrelease supervision, and a fine. County Court later imposed a prison sentence of two years, to be followed by one year of postrelease supervision. Defendant appeals.
Appellate counsel seeks to be relieved of her assignment of representing defendant upon the ground that there are no nonfrivolous issues that may be raised upon this appeal. Based upon our review of the record and counsel's brief, we agree. Accordingly, the judgment is affirmed and counsel's request for leave to withdraw is granted (see People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Beaty, 22 NY3d 490 [2014]; People v Stokes, 95 NY2d 633 [2001]).
Egan Jr., J.P., Clark, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, and application to be relieved of assignment granted.