People v Murphy (2021 NY Slip Op 00334)





People v Murphy


2021 NY Slip Op 00334


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

110231

[*1]The People of the State of New York, Respondent,
v
Maliem Murphy, Appellant.

Calendar Date: January 4, 2021

Before: Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


George P. Ferro, Albany, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered November 6, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant pleaded guilty to criminal possession of a weapon in the second degree, admitting that he possessed a loaded firearm, in satisfaction of a two-count indictment. As part of the plea agreement, defendant was required to waive his right to appeal and to execute a written waiver of appeal. County Court imposed the agreed-upon sentence of seven years to be followed by three years of postrelease supervision, as a second felony offender, to be served concurrently with the sentence he was then serving. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Upon our review of the record and counsel's brief, we disagree. To that end, we perceive at least one issue of arguable merit concerning the validity of the waiver of appeal that may impact other potential issues that may be raised, such as the denial of defendant's suppression motions (see People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Burt, 185 AD3d 1301, 1301 [2020]; People v Mayo, 182 AD3d 793, 794 [2020]; see also CPL 710.70 [2]). Accordingly, without passing judgment on the ultimate merit of this or any other issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 639 [2001]; People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Mulvey, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.