People v Amberslie (2021 NY Slip Op 00332)





People v Amberslie


2021 NY Slip Op 00332


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

109725 109726

[*1]The People of the State of New York, Respondent,
v
Akanni K. Amberslie, Appellant.

Calendar Date: January 4, 2021

Before: Garry, P.J., Clark, Mulvey, Aarons and Colangelo, JJ.


Allen E. Stone Jr., Vestal, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Appeals from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered June 29, 2017, convicting defendant upon his plea of guilty of the crimes of attempted criminal sale of a controlled substance in the third degree and bail jumping in the first degree.
Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and bail jumping in the first degree and waived his right to appeal. County Court thereafter sentenced defendant, as a second felony offender, to five years in prison, to be followed by three years of postrelease supervision, for the attempted criminal sale of a controlled substance conviction and 2 to 4 years in prison for the bail jumping conviction, with the sentences to run concurrently. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Based upon our review of the record, however, we find at least one issue of arguable merit pertaining to the knowing, intelligent and voluntary nature of defendant's plea (see People v Hankerson, 136 AD3d 1223, 1223 [2016]). Accordingly, without passing judgment on the ultimate merit of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Clark, Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.