People v Hutchinson (2021 NY Slip Op 03873)





People v Hutchinson


2021 NY Slip Op 03873


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

110821
[*1]The People of the State of New York, Respondent,
v
Jonathan Hutchinson, Appellant.

Calendar Date:May 7, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

G. Scott Walling, Slingerlands, for appellant.
David J. Clegg, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 11, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.
In satisfaction of a two-count indictment and with the understanding that he would be sentenced to 4½ years in prison followed by five years of postrelease supervision, defendant pleaded guilty to criminal possession of a controlled substance in the second degree and waived his right to appeal. Upon releasing defendant to probation supervision pending sentencing, County Court admonished defendant that, it would not be bound by the plea agreement in the event that he failed to comply with certain conditions, including that he not be arrested on a new offense prior to sentencing. Prior to sentencing, defendant was arrested on new charges. At sentencing, defendant admitted to violating a condition of his release in exchange for the court imposing an enhanced sentence of five years in prison followed by five years of postrelease supervision.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Accordingly, the judgment is affirmed and counsel's request for leave to withdraw is granted (see People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Beaty, 22 NY3d 490 [2014]; People v Stokes, 95 NY2d 633 [2001]).
Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, and application to be relieved of assignment granted.