People v Picaro (2021 NY Slip Op 05044)





People v Picaro


2021 NY Slip Op 05044


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

110578
[*1]The People of the State of New York, Respondent,
v
Keaghn Picaro, Appellant.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Donnial K. Hinds, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered March 12, 2018, which revoked defendant's probation and imposed a sentence of imprisonment.
In May 2017, defendant was convicted of attempted assault in the second degree and sentenced to five years of probation. Defendant was subsequently charged with violating the terms of his probation for failing to participate in an anger management program. Pursuant to an agreed-upon disposition, defendant admitted to violating the terms of his probation and County Court revoked his probation and sentenced him to 1 to 3 years in prison.[FN1] Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Therefore, the judgment is affirmed and counsel's request for leave to withdraw is granted (see People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Beaty, 22 NY3d 490 [2014]; People v Stokes, 95 NY2d 633 [2001]).
Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, and application to be relieved of assignment granted.



Footnotes

Footnote 1: Appellate counsel represents in his brief that defendant was released from confinement on March 26, 2020. We also take note that the maximum expiration date for his sentence was March 18, 2021.