People v Faublas (2022 NY Slip Op 02456)

People v Faublas

2022 NY Slip Op 02456

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

111507
[*1]The People of the State of New York, Respondent,
v
Clifford Faublas, Appellant.

Calendar Date:March 18, 2022

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Thomas J. Butler, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Sypniewski, J.), rendered February 21, 2019 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).
Defendant pleaded guilty to a four-count indictment charging him with criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts) stemming from the sale and possession of cocaine on two dates in 2018. Pursuant to the plea agreement offered by Supreme Court, defendant was required to waive his right to appeal and, in exchange, was granted judicial diversion over the People's opposition (see CPL art 216). After defendant reportedly tested positive for heroin and was discharged from a halfway house, Supreme Court terminated his participation in the judicial diversion program and imposed a prison sentence of eight years to be followed by three years of postrelease supervision on each count, as a second felony offender, to be served concurrently. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree. Notably, appellate counsel erred in addressing and rejecting the merits of arguable legal issues in the appellate brief, as "a no-merit, Anders brief is only appropriate where counsel concludes that
. . . there are no issues of arguable merit and, therefore, that the appeal is 'wholly frivolous'" (People v Williams, 176 AD3d 1317, 1318 [2019], quoting People v Stokes, 95 NY2d 633, 636 [2001]). We find that there is an issue of arguable merit with respect to the validity of defendant's appeal waiver [FN1] that may potentially impact other issues that may be raised, such as the severity of the sentence and, thus, the appeal is not wholly frivolous (see People v Shanks, 37 NY3d 244, 251-253 [2021]; People v Bisono, 36 NY3d 1013, 1017 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Dye, 197 AD3d 1436, 1436 [2021]). Accordingly, without passing judgment on the ultimate merit of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d at 638-639; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.

Footnotes

Footnote 1: Although the record reflects that defendant signed a written waiver of appeal, it is not included in the record before us.