People v Mirabal (2022 NY Slip Op 05185)

People v Mirabal

2022 NY Slip Op 05185

Decided on September 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 15, 2022

110487
[*1]The People of the State of New York, Respondent,
v
Argelis R. Mirabal, Appellant.

Calendar Date:September 2, 2022

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Ceresia, JJ.

Teresa C. Mulliken, Harpersfield, for appellant.
John L. Hubbard, District Attorney, Delhi (Shawn J. Smith of counsel), for respondent.

Appeal from a judgment of the County Court of Delaware County (Richard D. Northrup Jr., J.), rendered March 26, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of a three-count indictment charging him with the sale of cocaine on three dates in January 2017 and a superior court information charging him with criminal possession of a controlled substance in the third degree.[FN1] Pursuant to the plea agreement, defendant was required to waive his right to appeal and executed a written waiver, and, in exchange, County Court imposed the agreed-upon prison sentence of five years to be followed by 1½ years of postrelease supervision, as an acknowledged second felony offender. Defendant appeals.
Appellate counsel seeks to be relieved of the assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree. We find that there is an issue of arguable merit with respect to the validity of defendant's appeal waiver that may potentially impact other issues that may be raised, such as the severity of the sentence, and regarding his predicate sentencing status and whether he was accurately advised of his potential sentencing exposure, and, thus, the appeal is not wholly frivolous (see People v Shanks, 37 NY3d 244, 251-253 [2021]; People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Faublas, 204 AD3d 1165, 1166 [3d Dept 2022]). Accordingly, without passing judgment on the ultimate merit of these issues, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [3d Dept 1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.

Footnotes

Footnote 1: The superior court information is not included in the record on appeal.