People v Graham (2023 NY Slip Op 03262)

People v Graham

2023 NY Slip Op 03262

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

112064 112065
[*1]The People of the State of New York, Respondent,
v
Marlon Ricardo Graham, Appellant.

Calendar Date:May 26, 2023

Before:Garry, P.J., Egan Jr., Ceresia, Fisher and McShan, JJ.

Carl D. Birman, Albany, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered April 18, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree, and (2) from a judgment of said court, rendered April 18, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the first degree.
Defendant was charged in two indictments, handed up in November 2018 and December 2018, with various drug-related crimes. Following the consolidation of the indictments, defendant pleaded guilty to count 1 of the first indictment charging him with criminal possession of a controlled substance in the second degree and count 3 of the second indictment charging him with criminal possession of a controlled substance in the first degree. Defendant also agreed to waive his right to appeal. At sentencing, it was noted that recent laboratory tests from the U.S. Department of Justice indicated that the heroin that defendant was charged with possessing in count 1 of the second indictment, but to which defendant did not plead guilty, was, in fact, not heroin. Based upon that new information, defendant requested an adjournment of sentencing for the purpose of filing a motion to withdraw his plea. Defendant also stated that he wanted to go to trial. County Court denied the request for an adjournment finding no basis for a motion to withdraw the plea. The court then sentenced defendant, in accordance with the plea agreement, to a prison term of eight years, followed by five years of postrelease supervision, in connection with his conviction of criminal possession of a controlled substance in the second degree and a concurrent prison term of 15 years, followed by five years of postrelease supervision, in connection with his conviction of criminal possession of a controlled substance in the first degree. Defendant appeals.
Appellate counsel seeks to be relieved of the assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree. We find that there is an issue of arguable merit with respect to whether County Court abused its discretion in denying the request for adjournment at sentencing, which is not wholly frivolous. Accordingly, without passing judgment on the ultimate merits of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [3d Dept 1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.