People v Shaw (2023 NY Slip Op 03516)

People v Shaw

2023 NY Slip Op 03516

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

112903
[*1]The People of the State of New York, Respondent,
v
Jason G. Shaw, Appellant.

Calendar Date:May 26, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Appeal from a judgment of the County Court of Essex County (Richard B. Meyer, J.), rendered October 29, 2020, convicting defendant upon his plea of guilty of the crimes of attempted assault in the first degree, criminal contempt in the second degree and criminal mischief in the second degree.
On May 9, 2020, defendant was arrested on two charges of attempted assault in the first degree and other crimes following an incident in which he drove to the home of a family member in whose favor an order of protection had been issued and, when state troopers responded, defendant drove his truck in the direction of the troopers, causing them to shoot defendant, whose truck struck and damaged a police vehicle. In satisfaction of all charges and pursuant to a plea agreement, defendant waived indictment, agreed to be prosecuted by a superior court information and pleaded guilty, as charged therein, to attempted assault in the first degree, criminal mischief in the second degree and criminal contempt in the second degree. Pursuant to the plea agreement, which required a waiver of appeal, defendant orally waived his right to appeal and signed a written waiver of appeal in open court during the plea proceedings. Under the terms of the agreement, County Court made no sentencing commitment and the People were to recommend a sentence of 15 years to be followed by a period of postrelease supervision on the attempted assault in the first degree charge, to be served consecutively to a prison term of 1&frac13; to 4 years on the criminal mischief in the second degree charge, while defendant was free to argue in favor of reduced sentencing.[FN1] The court thereafter imposed a prison term of 15 years on the attempted assault in the first degree conviction to be followed by a period of postrelease supervision of five years, and a prison term of 1&frac13; to 4 years on the criminal mischief in the second degree conviction, to be served concurrently. Defendant appeals.
Appellate counsel seeks to be relieved of her assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Accordingly, the judgment is affirmed and counsel's request for leave to withdraw is granted (see People v Cruwys, 113 AD2d 979, 980 [3d Dept 1985], lv denied 67 NY2d 650 [1986]; see generally People v Beaty, 22 NY3d 490 [2014]; People v Stokes, 95 NY2d 633 [2001]).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, and application to be relieved of assignment granted.

Footnotes

Footnote 1: It was agreed that, on the charge of criminal contempt in the second degree, a misdemeanor, a concurrent jail term would be imposed and, at sentencing, a concurrent jail term of 364 days was imposed.