People v Mirabal (2023 NY Slip Op 04235)

People v Mirabal

2023 NY Slip Op 04235

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

110487B
[*1]The People of the State of New York, Respondent,
v
Argelis R. Mirabal, Appellant.

Calendar Date:June 23, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Marshall Nadan, Kingston, for appellant.
Shawn J. Smith, Acting District Attorney, Delhi (Denise J. Kerrigan of counsel), for respondent.

Appeal from a judgment of the County Court of Delaware County (Richard D. Northrup Jr., J.), rendered March 26, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of a three-count indictment charging him with the sale of cocaine on three dates in January 2017 and a superior court information charging him with criminal possession of a controlled substance in the third degree.[FN1] Pursuant to the plea agreement, defendant purportedly waived his right to appeal and County Court thereafter imposed the agreed-upon sentence of five years in prison to be followed by 1½ years of postrelease supervision, as an acknowledged second felony offender. Defendant appealed, and this Court rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on the appeal (208 AD3d 1465 [3d Dept 2022]).
Initially, we agree with defendant that his waiver of the right to appeal is invalid. County Court failed to inform defendant that the right to appeal was separate and distinct from the rights he was forfeiting by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Haenelt, 161 AD3d 1489, 1489 [3d Dept 2018], lv denied 31 NY3d 1148 [2018]) and the written waiver of appeal was similarly deficient (see People v Duckett, 205 AD3d 1229, 1229 [3d Dept 2022], lv denied 39 NY3d 939 [2022]; People v LaPierre, 189 AD3d 1813, 1815 [3d Dept 2020], lv denied 36 NY3d 1098 [2021]). Accordingly, defendant's remaining claim challenging the severity of his sentence is not foreclosed (see People v Coler, 214 AD3d 1207, 1207 [3d Dept 2023]). That said, upon reviewing the record and considering all of the relevant factors, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to reduce it in the interest of justice.
Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The superior court information is not included in the record on appeal.