People v Lewis (2024 NY Slip Op 03779)

People v Lewis

2024 NY Slip Op 03779

Decided on July 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 11, 2024

111636
[*1]The People of the State of New York, Respondent,
v
Shane Lewis, Appellant.

Calendar Date:June 14, 2024

Before:Garry, P.J., Egan Jr., Clark, Aarons and Powers, JJ.

Gail B. Rubenfeld, Monticello, for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered July 6, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In full satisfaction of a multicount superseding indictment, defendant was afforded the opportunity to plead guilty to criminal possession of a weapon in the second degree with the understanding that he would be sentenced to a prison term of 10 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty consistent with the terms of the plea agreement, and County Court imposed the agreed-upon sentence. This appeal ensued.
Appellate counsel seeks to be relieved of the assignment of representing defendant upon the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree. We find an issue of arguable merit as to the validity of defendant's waiver of the right to appeal that, in turn, may impact other issues that may be raised, such as the severity of the sentence imposed (see People v Morris-Caldwell, 208 AD3d 1473, 1473 [3d Dept 2022]). Accordingly, and without passing judgment on the ultimate merit of these issues, we grant counsel's application for leave to withdraw and assign new counsel to address these issues and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [3d Dept 1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Clark, Aarons and Powers, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.