People v Nesbitt (2025 NY Slip Op 02243)

People v Nesbitt

2025 NY Slip Op 02243

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

113194
[*1]The People of the State of New York, Respondent,
v
Anthony Nesbitt, Appellant.

Calendar Date:March 21, 2025

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Thomas J. Butler, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Mark Caruso, J.), rendered August 30, 2021, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree, attempted assault in the second degree and menacing in the second degree.
In satisfaction of an 11-count indictment, defendant pleaded guilty to the crimes of criminal contempt in the first degree, attempted assault in the second degree and menacing in the second degree with the understanding that he would be sentenced to an aggregate prison term of 4 to 8 years. The plea agreement required defendant waive his right to appeal and, in accordance therewith, he signed a written waiver of appeal during the allocution. County Court subsequently sentenced defendant, as a second felony offender, to the agreed-upon prison term. This appeal ensued.
Appellate counsel seeks to be relieved of the assignment of representing defendant upon the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree. Initially, we note that "appellate counsel erred in addressing and rejecting the merits of arguable legal issues in the appellate brief, as a no-merit, Anders brief is only appropriate where counsel concludes that there are no issues of arguable merit and, therefore, that the appeal is wholly frivolous" (People v Faublas, 204 AD3d 1165, 1166 [3d Dept 2022] [internal quotation marks, ellipsis and citations omitted]). We find an issue of arguable merit as to the validity of defendant's waiver of the right to appeal which, in turn, may impact other issues that may be raised, such as the severity of the sentence imposed (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Hall, 225 AD3d 1002, 1002-1003 [3d Dept 2024]; People v Appiah, 218 AD3d 1060, 1061 [3d Dept 2023], revd on other grounds 41 NY3d 949 [2024]). As such, the appeal is not "wholly frivolous" (People v Stokes, 95 NY2d 633, 636 [2001]). Accordingly, and without passing judgment on the ultimate merit of this or any other issues, we grant counsel's application for leave to withdraw and assign new counsel to address these issues and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d at 638-639; see generally People v Cruwys, 113 AD2d 979, 980 [3d Dept 1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.