People v Newsome (2025 NY Slip Op 02625)

People v Newsome

2025 NY Slip Op 02625

Decided on May 1, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 1, 2025

CR-22-2309
[*1]The People of the State of New York, Respondent,
v
Michael Newsome, Appellant.

Calendar Date:March 25, 2025

Before:Egan Jr., J.P., Pritzker, Lynch, Ceresia and Mackey, JJ.

Justin C. Brusgul, Altamont, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nicholas S. Line of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Chemung County (Richard Rich Jr., J.), rendered November 21, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant was indicted and charged with two counts of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the fourth degree. After two of the three counts of the indictment were dismissed, defendant was afforded the opportunity to plead guilty to the remaining count of criminal possession of a controlled substance in the third degree (possession with intent to sell) with the understanding that he would be sentenced, as a second felony offender, to a prison term of three years, to be followed by three years of postrelease supervision. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. Following an unsuccessful motion for a sentence of parole supervision pursuant to CPL 410.91, County Court imposed the agreed-upon sentence while also directing that defendant be enrolled in a comprehensive alcohol and substance abuse treatment program pursuant to Penal Law § 60.04 (6). This appeal ensued.
We affirm. Defendant's challenge to the voluntariness of his plea, as well as his related ineffective assistance of counsel claim (to the extent that it impacts upon the voluntariness of his plea), are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion — despite having the opportunity to do so prior to sentencing (see People v Leroux, 234 AD3d 1214, 1214-1215 [3d Dept 2025]; People v Fernandez, 234 AD3d 1207, 1208 [3d Dept 2025]; People v Graham, 230 AD3d 1476, 1477 [3d Dept 2024]). Contrary to defendant's assertion, we are not persuaded that the narrow exception to the preservation requirement was triggered here (see People v Graham, 230 AD3d at 1477; People v Ulmer, 226 AD3d 1259, 1260 [3d Dept 2024], lv denied 42 NY3d 930 [2024]; People v Sharpton, 225 AD3d 1097, 1097-1098 [3d Dept 2024], lv denied 41 NY3d 1020 [2024]). During his plea allocution, defendant expressly admitted to possessing cocaine with the intent to sell, and despite stating at sentencing that he did not "sell drugs," defendant — in response to County Court's further inquiry — reaffirmed his guilt of the charged crime (see generally People v Dunbar, 218 AD3d 931, 933 [3d Dept 2023], lv denied 40 NY3d 950 [2023]). To the extent that defendant faults counsel for failing to properly investigate his case and/or adequately meet with him, "such claims implicate matters outside of the record that are more properly the subject of a CPL article 440 motion" (People v Graham, 230 AD3d at 1477; see People v Miller, 215 AD3d 1141, 1142 [3d Dept 2023], lv denied 40 NY3d 930 [2023]). Finally, we do not find the agreed-upon sentence imposed to be unduly harsh or severe (see CPL [*2]470.15 [6] [b]), and we decline defendant's invitation to reduce it in the interest of justice (see People v Mirabal, 219 AD3d 1018, 1019 [3d Dept 2023]; People v Thompson, 216 AD3d 1370, 1371 [3d Dept 2023]).
Egan Jr., J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.