People v Partak (2025 NY Slip Op 03360)

People v Partak

2025 NY Slip Op 03360

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

112926
[*1]The People of the State of New York, Respondent,
v
Eric Partak, Appellant.

Calendar Date:May 23, 2025

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Mark Schneider, Plattsburgh, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Appeal from a judgment of the County Court of Saratoga County (James Murphy III, J.), rendered July 16, 2020, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with grand larceny in the fourth degree. In full satisfaction of that instrument, as well as other pending charges, defendant pleaded guilty to the charged crime with the understanding that he would be sentenced, as a second felony offender, to a prison term of 1½ to 3 years if he paid the required restitution prior to sentencing. However, if defendant failed to pay the required restitution, he would receive an enhanced sentence of 2 to 4 years. The plea agreement also required defendant to waive his right to appeal. Defendant paid the required restitution and, therefore, County Court subsequently sentenced defendant to the agreed-upon prison term of 1½ to 3 years. This appeal ensued.
Appellate counsel seeks to be relieved of his assignment of representing defendant upon the ground that there are no nonfrivolous issues to be raised upon appeal. Upon our review of the record and defense counsel's brief, we disagree. Specifically, we find an issue of arguable merit regarding whether the execution of the waiver of indictment complied with the requirements of CPL 195.20 (compare People v Trapani, 232 AD3d 1052, 1053 [3d Dept 2024], with People v Lunt, 232 AD3d 1054, 1055 [3d Dept 2024]; see generally People v Camlin, 215 AD3d 1013, 1014 [3d Dept 2023]). Accordingly, and without passing judgment on the ultimate merit of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [3d Dept 1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.