People v Joyette (2026 NY Slip Op 00291)

People v Joyette

2026 NY Slip Op 00291

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CR-25-0198
[*1]The People of the State of New York, Respondent,
vJamel Joyette, Appellant.

Calendar Date:January 2, 2026

Before:Clark, J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ.

Adam G. Parisi, Schenectady, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Appeal from a judgment of the County Court of Clinton County (William Favreau, J.), rendered July 17, 2023, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to the crime of attempted assault in the second degree with the understanding that he would be sentenced to a prison term of 1½ to 3 years. The plea agreement required that defendant waive his right to appeal and, in accordance therewith, he signed a written waiver of appeal during the allocution. Thereafter, County Court sentenced defendant, as a second felony offender, to the agreed-upon prison term. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant upon the ground that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree. To begin with, "appellate counsel erred in addressing and rejecting the merits of arguable legal issues in the appellate brief, as a no-merit, Anders brief is only appropriate where counsel concludes that there are no issues of arguable merit and, therefore, that the appeal is wholly frivolous" (People v Nesbitt, 237 AD3d 1366, 1367 [3d Dept 2025] [internal quotation marks and citations omitted]). We find that there is an issue of arguable merit with respect to the knowing, intelligent and voluntary nature of defendant's plea, and, thus, the appeal is not wholly frivolous (see People v Amberslie, 190 AD3d 1152, 1153 [3d Dept 2021]; People v Green, 138 AD3d 1312, 1313 [3d Dept 2016]; People v Hankerson, 136 AD3d 1223, 1223 [3d Dept 2016]). Accordingly, and without passing judgment on the ultimate merit of this or any other issues, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [3d Dept 1985], lv denied 67 NY2d 650 [1986]).
Clark, J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.